CASE 61—PETITION ORDINARY—FEBRUARY 4.

# Justice vs. Phillips.

APPEAL FROM PIKE CIRCUIT COURT.

1. When a defect of parties, either plaintiffs or defendants, appears on the face of the petition, this is cause for demurrer. ( *Civil Code, sec.* 120, *subdiv.* 4.) But if the defect of parties does not appear on the face of the petition, objection may be taken by answer (*sec.* 123), and if not taken either way, *it shall be deemed as waived.*

2. Although the evidence establishes that John and Wm. Phillips were jointly interested in the cattle sold by Jesse Phillips to Justice, yet they were in his possession, and the contract was with him and the notes executed to him, and though his joint owners were proper parties, yet they were not essential parties, which required the intervention of the court to have them brought in as provided in section 40, Civil Code.

ROE & RODMAN,                                    For Appellant,

CITED—

*Civil Code, secs.* 30, 36.

17 *B. Mon.; Masterson vs. Hagan, &c.*

R. T. BURNS,                                    For Appellee,

CITED—

*Civil Code, sec.* 123.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

When a defect of parties, either plaintiffs or defendants, appears on the face of a petition, this is cause for demurrer, by subdivision 4, section 120, Civil Code. If this does not appear on the face of the petition, the objection may be taken by answer as provided in section 123, and if not taken either way, *it shall be deemed as waived.*

Although the evidence establishes that John and Wm. Phillips were jointly interested in the cattle sold by Jesse Phillips to Justice, yet they were in his possession, and the contract was with him and the notes executed to him, and though his joint owners were proper parties, yet they were not essential parties, which required the intervention of the court to have them brought in as provided in section 40, Civil Code.

As the first note was written in what the witnesses term powder ink, which we understand to mean ink then made of gunpowder, and which Justice then promised to take up by substituting another note in writing ink; and having, in Jesse Phillips' absence, obtained the first note from his wife by leaving another in its stead, which appellee refused to accept, because, as he said, it was not right, and having sent it to Justice, who received it as evidenced by his production of it in this case, we think a failure to present the objection of a nonjoinder of plaintiffs should be regarded as waived, and that the judgment and payment thereof will bar the other joint owners.

There was no evidence from which a rational deduction could be drawn sustaining the defense, whilst the evidence did sustain the cause of action beyond a rational doubt; therefore, the court properly refused defendant's instruction, and gave a peremptory instruction to find for plaintiff. The nonjoinder of plaintiff could, at most, only be cause of amendment by motion of the parties under section 161, Civil Code, or a dismissal without prejudice under section 400, or a peremptory amendment by order of the court under section 40; and the instruction to the jury to find against plaintiff by reason thereof would have been erroneous in any view of the case.

Judgment affirmed, with damages.